## N. S. Shields, Tutrix, *v.* Jeanti Lanna.

The absence of a counsel, trying a suit in another court, is no ground for a new trial.

APPEAL from the District Court of West Feliciana. *Sterling,* J.

*Ratliff,* for plaintiff and appellant, cited C. P. 558, *Nichols* v. *Alsop,* 10 La. 409. *Holmes* v. *Steamer Chieftain,* 1 An., 136. *Union Bank* v. *Roberts,* 9 R. R. 177. *Iven* v. *Sullivan,* 2 Ann. 292. *Wilkins* v. *East Baton Rouge,* 10 R. R. 57.

*Brewer & Collins,* for defendants.

Voorhies, J. A judgment of non-suit having been regularly entered against the plaintiff on her failing to appear and prosecute her suit, she filed a motion for a new trial, based on the ground that the Counsel she had employed was absent from the Court at the time the case was fixed, and tried without her knowledge and consent; that in consequence of the change introduced by law in the sessions of the Courts of East Baton Rouge and West Feliciana, her counsel, who had previously been retained in several cases in both parishes, was unavoidably absent from the latter court, without any negligence on his part; and in fact arrived there shortly after the dismissal of her action..

It has already been held that "the absence of an attorney, trying a suit in another court, is no ground for a new trial." 13 L. R. 424. In the case of *Dwight* v. *Richard,* a similar application was made on the ground of the attorney's absence, caused through his ignorance of the month in which the court was to be held, and that the party had used diligence in procuring his attendance; that the attorney upon receiving his client's communication, travelled day and night, until he reached the court on the third day of the term; but that the day previous a judgment of non-suit had already been entered. The motion was overruled, and this court refused to disturb the ruling. 4. An. 240, 9 R. R. 177.

The absence of the plaintiff's counsel in the present case did not constitute a sufficient ground for a new trial; she resided in the parish where her suit was pending, and could have employed other counsel to attend to it. Judgment affirmed with costs.